UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONNIE WILLIAMS,

    Plaintiff,       Case No. 2:12-cv-383

v.              Honorable Gordon J. Quist

UNKNOWN JOHNS,

    Defendant.
_____/

## OPINION

  This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without immediate payment of an initial partial filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

### Factual Allegations

  Plaintiff Ronnie Williams, a prisoner at the Pugsley Correctional Facility in Kingsley, Michigan, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against Defendant

Unknown Johns, who was employed as an Assistant Resident Unit Supervisor at the Marquette Branch Prison (MBP) during the pertinent time period. Plaintiff asserts that while he was confined at MBP on June 10, 2010, his sister died. Plaintiff states that he sent a kite to Defendant, seeking an interview on his request to attend his sister's funeral. Plaintiff states that Defendant ignored his kite and that, as a consequence, he missed his sister's funeral. Plaintiff filed a grievance on this issue, and attaches a copy of the Step II and III appeals, as well as the Step II response. In the response, Robert Napel states:

> The review of your Step II appeal has been completed. The [Assistant Resident Unit Supervisor] reported that he received your kite and upon his earliest convenience and [sic] made an attempt to call you out to his office but that you did not show. You have provided no further information that would support your contention that a violation of policy or procedure exists. The Step I response is supported grievance denied.

(Docket #1, p. 6 of 7.)

Plaintiff asserts that Defendant's conduct violated MDOC Policy Directive 04.04.140, as well as state law. Plaintiff seeks $100,000 in compensatory damages.

## Discussion

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough


facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

As noted above, Plaintiff asserts that he was deprived of the opportunity to attend his sister's funeral. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff has failed to make the first showing because the Constitution does not confer a due process right upon a prisoner to attend a funeral. *Jones v. Hawkins County Sheriff's Dept.*, 2010 WL 4962953, at *2 (E.D. Tenn. 2010) (citing *Williams v. Wilkinson,* 51 F. App'x 553, 557, 2002 WL 31558075, at *4 (6th Cir. Nov.15, 2002); *Burks v. Harris,* 1995 WL 325688, at *2 (6th Cir. May 30, 1995); *Bowser v. Vose,* 968 F.2d 105, 106 (1st Cir.1992) (per curiam) (listing cases). The denial of

a funeral furlough implicates no liberty interest of a prisoner which is protected by the due process clause of the U.S. Constitution. *Jones*, 2010 WL 4962953, at *2. Nor does Plaintiff allege facts showing that the asserted denial implicated any federal right.

Moreover, to the extent that Plaintiff is asserting a violation of his rights under state law, pendent jurisdiction over state law claims cannot be exercised after all federal claims have been dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966); *Smith v. Freland*, 954 F.2d 343, 348 (6th Cir.), *cert. denied*, 504 U.S. 915 (1992).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  November 15, 2012                     /s/ Gordon J. Quist
                                                                                      GORDON J. QUIST
                                                                                    UNITED STATES DISTRICT JUDGE